IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| KEISHA HOLT | * |
| | * |
| v. | *    Civil Case No. PWG-16-3140 |
| | * |
| COMMISSIONER, SOCIAL SECURITY | * |
| | * |

*************

## REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-referenced case has been referred to me for review of the Commissioner's dispositive motion, (ECF No. 14), and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). The Plaintiff, Keisha Holt, who is appearing *pro se,* did not file a motion for summary judgment and did not respond to the Commissioner's Motion for Summary Judgment.[1] I have considered the Commissioner's Motion. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I recommend that the Court grant the Commissioner's motion and affirm the Commissioner's judgment pursuant to sentence four of 42 U.S.C. § 405(g).

Ms. Holt filed a claim for Supplemental Security Income ("SSI") on February 23, 2012. (Tr. 166-74). She alleged a disability onset date of June 26, 2010. *Id.* Her claim was denied initially and on reconsideration. (Tr. 74-79). A hearing, at which Ms. Holt was represented by

---

[1] After the Commissioner filed her Motion for Summary Judgment on March 20, 2017, a Rule 12/56 letter was mailed to Ms. Holt, advising her of the potential consequences of failure to oppose the Commissioner's motion. (ECF No. 15). Ms. Holt has not filed anything in response.

counsel, was held on August 22, 2014, before an Administrative Law Judge ("ALJ").[2] (Tr. 30-49). Following the hearing, the ALJ determined that Ms. Holt was not disabled within the meaning of the Social Security Act during the relevant time frame. (Tr. 13-29). The Appeals Council ("AC") denied Ms. Holt's request for review, (Tr. 8-12), so the ALJ's decision constitutes the final, reviewable decision of the Agency.

The ALJ found that Ms. Holt suffered from the severe impairments of "obesity; diabetes mellitus; and hypertension." (Tr. 18). Despite these impairments, the ALJ determined that Ms. Holt retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 416.967(b) except she should not climb ladders, ropes or scaffolds, and should do no work around dangerous machinery or unprotected heights.

(Tr. 20). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Holt could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 24-25).

I have carefully reviewed the ALJ's opinion and the entire record. *See Elam v. Barnhart*, 386 F. Supp. 2d 746, 753 (E.D. Tex. 2005) (mapping an analytical framework for judicial review of a *pro se* action challenging an adverse administrative decision, including: (1) examining whether the Commissioner's decision generally comports with regulations, (2) reviewing the ALJ's critical findings for compliance with the law, and (3) determining from the evidentiary record whether substantial evidence supports the ALJ's findings). For the reasons described below, substantial evidence supports the ALJ's decision.

The ALJ proceeded in accordance with applicable law at all five steps of the sequential evaluation. The ALJ ruled in Ms. Holt's favor at step one and determined that she has not

---

[2] A previous hearing was held on May 22, 2014, during which Ms. Holt requested a postponement in order to secure counsel. (Tr. 54); *see* (Tr. 50-56).

engaged in substantial gainful activity since her alleged onset date. (Tr. 18); *see* 20 C.F.R. § 416.920(a)(4)(i). At step two, the ALJ then considered the severity of each of the impairments that Ms. Holt claimed prevented her from working. *See* 20 C.F.R. § 416.920(a)(4)(ii). Notably, the ALJ found Ms. Holt's abscess nonsevere, and noted no complaints of mental symptoms or diagnoses of mental impairments in the record. (Tr. 19). However, after finding at least one of Ms. Holt's impairments severe, (Tr. 18), the ALJ continued with the sequential evaluation and considered, in assessing Ms. Holt's RFC, the extent to which her impairments limited her ability to work.

At step three, the ALJ determined that Ms. Holt's impairments did not meet the specific requirements of, or medically equal the criteria of, any listings. (Tr. 19-20). In particular, the ALJ considered the specific requirements of Listing 4.02, which pertains to chronic heart failure, Listing 4.04, which pertains to ischemic heart disease, and Listing 9.00, which pertains to endocrine disorders. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, §§ 4.02, 4.04, 9.00. In considering Listings 4.02 and 4.04, the ALJ determined that "the record does not demonstrate that [Ms. Holt's] impairment[s] [are] associated with chronic heart failure or ischemic heart disease of sufficient severity to meet or equal the requirements of [those] Listings[.]" (Tr. 19). Specifically, the ALJ noted that "there was no evidence that [Ms. Holt] had any chronic cardiac complications from her high blood pressure," and that "[Ms. Holt] was advised on more conservative treatment recommendations" for her hypertension. (Tr. 22). In considering Listing 9.00, the ALJ determined that, "there is no evidence that [Ms. Holt's] diabetes mellitus resulted in complications in another body system."[3] (Tr. 19). Although the ALJ noted that Ms. Holt's diabetes resulted in chronic "skin infections," the ALJ found that her infections were

---

[3] Listing 9.00 directs an ALJ to evaluate impairments resulting from endocrine disorders, such as diabetes mellitus, "under the listing for the other body system affected, if any." (Tr. 19). *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.00.

3

"nonsevere," "infrequent," and "easily treated with antibiotics." *Id.* I have carefully reviewed the record, and I agree that no listings are met.

In considering Ms. Holt's RFC, the ALJ summarized her subjective complaints from her hearing testimony. (Tr. 20-21). The ALJ then engaged in a detailed review of her medical records and objective testing. (Tr. 21-23). Specifically, the ALJ noted "that despite having chronically uncontrolled impairments, [Ms. Holt] did not have any symptoms or complications that restricted her ability to perform light work." (Tr. 22). For example, although Ms. Holt's diabetes was "chronically uncontrolled," the ALJ noted that her condition "improved immediately with treatment," and required relatively conservative treatment, such as glucose medication, diet, and exercise. (Tr. 21-22). In addition, despite "ongoing issues of noncompliance with her hypertension," the ALJ noted that Ms. Holt's blood pressure was generally controlled on medication, and cited her testimony "den[ying] any symptoms associated with her hypertension." (Tr. 22). Moreover, the ALJ cited the State consultants' determinations that Ms. Holt "had the capacity to perform light work," and noted that their "assessments for light work [were] supported by [Ms. Holt's] normal physical functioning," her "fairly conservative course of treatment," and the absence of "any evidence of specialized cardiac or endocrine treatment." (Tr. 23). Furthermore, the ALJ noted that "[Ms. Holt] obtained her high school diploma the week before [her] hearing," which "demonstrates her ability to persist at tasks and shows that she was involved in some ongoing activity during the period under consideration." *Id*. Based on this evidence, the ALJ found that Ms. Holt was able to perform light work. (Tr. 20).

Ultimately, my review of the ALJ's decision is confined to whether substantial evidence, in the record as it was reviewed by the ALJ, supports the decision and whether correct legal

4

standards were applied. *Richardson v. Perales*, 402 U.S. 389, 390, 404 (1971). Even if there is other evidence that may support Ms. Holt's position, I am not permitted to reweigh the evidence or to substitute my own judgment for that of the ALJ. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). In considering the entire record, I find the ALJ's RFC determination was supported by substantial evidence.

Next, the ALJ determined that Ms. Holt had no past relevant work. (Tr. 24). Accordingly, the ALJ proceeded to step five, where he considered the impact of Ms. Holt's age and level of education on her ability to adjust to new work. (Tr. 24-25). In doing so, the ALJ cited the VE's testimony that a person with Ms. Holt's RFC would be capable of performing the jobs of "laundry worker," "machine tender," and "ticket taker." *Id*. Based on the VE's testimony, the ALJ concluded that Ms. Holt was capable of successfully adjusting to other work that exists in significant numbers in the national economy. *Id*. Accordingly, I find that the ALJ's determination was supported by substantial evidence.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that the Court GRANT Defendant's Motion for Summary Judgment, [ECF No. 14]; and order the Clerk to CLOSE this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b)(2) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14)

days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.


Dated:  April 20, 2017                                          /s/
                                                            Stephanie A. Gallagher
                                                            United States Magistrate Judge